

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 10 CR 200-1 |
| v. | ) | |
| | ) | JUDGE JOAN B. GOTTSCHALL |
| SEFER HODZIC, et. al | ) | |

## PROTECTIVE ORDER AS TO DEFENDANTS SEFER HODZIC AND MARIO BESIC

Upon the agreement of counsel for the government and counsel of record for defendants SEFER HODZIC and MARIO BESIC, it is hereby ORDERED as follows:

1. All materials bates labeled 10 CR 200 AV-3 through 10 CR 200 AV-20, and 10 CR 200 T3 1-655, provided by the government (hereinafter, "the materials") remain the property of the United States. Upon conclusion of the trial of this case and any direct appeals of this case or upon the earlier resolution of the charges against the defendants, all of the materials and all copies made thereof shall be returned to the United States, unless otherwise agreed to by the United States or unless otherwise ordered by the Court. All of the materials or copies withheld by the defense by express order of Court or based on agreement by the United States shall be preserved only so long as is necessary for further proceedings related to this cause, after which such materials or copies shall be returned to the United States or destroyed. The Court may require a certification as to the disposition of any such materials retained.

2. All the materials produced by, or made available for inspection by, the United States may be utilized by the defendants, the defendants' counsel of record, and employees and agents of defendants' counsel solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding. Defendants' counsel of record and defendants shall not disclose the materials either directly or indirectly to any person other than the defendants, defendants' counsel of record, defendants' spouse, persons employed or agents working with defendants' counsel to assist in the defense, potential witnesses to whom documents relevant to their testimony may be shown in connection with the defense of this case, an attorney for that potential witness, or such other persons as to whom the Court may explicitly authorize disclosure. Any notes

or records of any kind that defense counsel or defendants may make relating to the contents of materials provided by the United States shall not be disclosed to anyone other than the defendants, defendants' counsel of record, defendants' spouse, persons employed or agents working with defendants' counsel to assist the defense, potential witnesses, an attorney for a potential witness, or such other person as to whom the Court may explicitly authorize disclosure, and all such notes and records shall not be disclosed except as provided by this Order.

3. Before providing the materials to an authorized person, defendants' counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a statement that represents that the authorized person has received a copy of and reviewed this Order and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Defense counsel shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the later of: (a) the trial or other resolution of this case; and (b) any direct appeal. Defense counsel shall make the signed statements of each authorized person available to the government as required by the Federal Rules of Criminal Procedure, the local criminal rules of the Northern District of Illinois, and/or Court order.

4. When the materials produced by the United States are disclosed by the defendants or the defendants' counsel of record to defendants' spouse, a potential witness, or an attorney for that potential witness pursuant to the terms of this Order, the defendants' spouse, potential witness, or the attorney for that potential witness shall not disclose the materials either directly or indirectly to any person other than the defendants, defendants' counsel of record, persons employed or agents working with defendants' counsel to assist in the defense, or such other persons as to whom the Court may explicitly authorize disclosure. Any notes or records of any kind that a defendants' counsel, defendants' spouse, a potential witness, or an attorney for that potential witness may make relating to the contents of materials provided by the United States shall not be disclosed to anyone other than the defendants, defendants' counsel of record, persons employed or agents working with

defendants' counsel to assist in the defense, counsel of a co-defendant, or such other person as to whom the Court may explicitly authorize disclosure.

5. The materials produced by the United States shall not be copied or reproduced by defense counsel or defendants except so as to provide copies of the materials for the use by defense counsel of record, defendants, defendants' spouse, and such persons as are employed or agents working with defendants' counsel to assist in the defense, and such copies and reproductions shall be treated in the same manner as the original matter.

6. The restrictions set forth in this Order do not apply to the United States, and nothing in this Order limits the government's use and/or dissemination of the materials.

7. The restrictions set forth in this Order do not apply to documents that are in the public record or public domain.

8. The Order may be modified by the agreement of the parties with permission of the Court or by further Order of the Court.

9. Each party reserves all other rights relating to discovery and the production of documents, including the right to petition the Court to construe, modify, or enforce this Order.

10. Any violation of this Order may result in imposition of civil and criminal sanctions.

IT IS SO ORDERED:

_____
JOAN B. GOTTSCHALL
United States District Judge

Dated: AUG 6 2010

AUG 06 2010

3