UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 10 CR 200-1 |
| v. ) | |
| ) | JUDGE JOAN B. GOTTSCHALL |
| SEFER HODZIC, et. al ) | |

## MODIFIED PROTECTIVE ORDER AS TO DEFENDANTS SEFER HODZIC AND MARIO BESIC

Upon the agreement of counsel for the government and counsel of record for defendants SEFER HODZIC and MARIO BESIC, it is hereby ORDERED as follows:

1. All of the following materials made available by the government in discovery (hereinafter, the "materials") shall remain the property of the United States: (1) all materials bates labeled 10 CR 200 AV-3 through 10 CR 200 AV-20, and 10 CR 200 T3 1-655; (2) all bank and financial records, including but not limited to the bank records of MARIO BESIC; (3) all records containing the home address or telephone number of any defendant or any of defendants' family members; and (4) all reports, recorded telephone calls, in-person recordings, and other materials relating to crimes allegedly committed by SEFER HODZIC or MARIO BESIC other than those alleged in the indictment in this case. Upon conclusion of the trial of this case and any direct appeals of this case or upon the earlier resolution of the charges against the defendant, upon written demand of the United States, all of the materials and all copies made thereof shall be returned to the United States. All of the materials or copies withheld by the defense by express order of Court or based on agreement by the United States shall be preserved only so long as is necessary for further proceedings related to this cause, after which such materials or copies shall be returned to the United States or destroyed upon written demand of the United States. The Court may require a certification as to the disposition of any such materials retained.

2. All the materials produced by, or made available for inspection by, the United States may be utilized by the defendants, the defendants' counsel of record, and employees and agents of defendants' counsel solely in connection with the defense of this case and for no other purpose and

in connection with no other proceeding. Defendants' counsel of record and defendants shall not disclose the materials either directly or indirectly to any person other than the defendants, defendants' counsel of record, defendants' spouse, persons employed or agents working with defendants' counsel to assist in the defense, potential witnesses to whom documents relevant to their testimony may be shown in connection with the defense of this case, an attorney for that potential witness, or such other persons as to whom the Court may explicitly authorize disclosure. Any notes or records of any kind that defense counsel or defendants may make relating to the contents of materials provided by the United States shall not be disclosed to anyone other than the defendants, defendants' counsel of record, defendants' spouse, persons employed or agents working with defendants' counsel to assist the defense, potential witnesses, an attorney for a potential witness, or such other person as to whom the Court may explicitly authorize disclosure, and all such notes and records shall not be disclosed except as provided by this Order.

3. Before providing the materials to an authorized person, defendants' counsel must provide the authorized person with a copy of this Order.

4. When the materials produced by the United States are disclosed by the defendants or the defendants' counsel of record to defendants' spouse, a potential witness, or an attorney for that potential witness pursuant to the terms of this Order, the defendants' spouse, potential witness, or the attorney for that potential witness shall not disclose the materials either directly or indirectly to any person other than the defendants, defendants' counsel of record, persons employed or agents working with defendants' counsel to assist in the defense, or such other persons as to whom the Court may explicitly authorize disclosure. Any notes or records of any kind that a defendants' counsel, defendants' spouse, a potential witness, or an attorney for that potential witness may make relating to the contents of materials provided by the United States shall not be disclosed to anyone other than the defendants, defendants' counsel of record, persons employed or agents working with defendants' counsel to assist in the defense, counsel of a co-defendant, or such other person as to whom the Court may explicitly authorize disclosure.

5. The materials produced by the United States shall not be copied or reproduced by defense counsel or defendants except so as to provide copies of the materials for the use by defense counsel of record, defendants, defendants' spouse, and such persons as are employed or agents working with defendants' counsel to assist in the defense, and such copies and reproductions shall be treated in the same manner as the original matter.

6. The restrictions set forth in this Order do not apply to the United States, and nothing in this Order limits the government's use and/or dissemination of the materials.

7. The restrictions set forth in this Order do not apply to documents that are in the public record or public domain.

8. The Order may be modified by the agreement of the parties with permission of the Court or by further Order of the Court.

9. Each party reserves all other rights relating to discovery and the production of documents, including the right to petition the Court to construe, modify, or enforce this Order.

IT IS SO ORDERED:

JOAN B. GOTTSCHALL
United States District Judge

Dated: 8/19/10